*99 Breitel, J. (dissenting in part).
I agree that not all the procedural rights afforded adults under due process are necessarily applicable to juvenile delinquency proceedings, and that jury trials are not constitutionally required for adjudication of juvenile delinquency. Unlike youthful offender adjudication, which merely affords an alternative procedure for those subject to the criminal laws and penalties, these proceedings deal exclusively with children recognized as not criminally responsible.
On the issue of weight of the evidence, however, the United States Supreme Court’s decision in In re Winship (397 U. S. 358) is controlling. Its determination that guilt must be proven beyond a reasonable doubt, and that that standard applies in juvenile delinquency proceedings, goes directly to the integrity of the fact-finding process. Retroactivity should, therefore, be extended the Winship case, at least, as here, to cases on direct appeal.
Nor does the plea of guilty to the petition, alleging an act which if committed by an adult would constitute reckless endangerment, suggest a convincing waiver of his rights. Although respondent’s treatment would be the same regardless of whether he was found guilty after trial or upon his plea to either petition, by pleading guilty he did more than avoid the unpleasantness of a trial. By his plea to facts constituting reckless endangerment he avoided the alternatives of admitting to patricide or running the risk of such a declaration. Moreover, having asserted his right to a trial based on proof beyond a reasonable doubt, his unwillingness to risk a finding of guilt based on a lesser standard should not imply abandonment of his rights. Certainly proceeding to trial could in no way further clarify the issue raised by respondent and rejected by the trial court.
Accordingly, I dissent and vote that the order appealed from be modified to limit the hearing directed by the Appellate Division to one before the court alone.
Judges Bergan, Jasen and Gibson concur with Judge Scileppi ; Chief Judge Fuld dissents and votes to affirm in an opinion in which Judge Burke concurs; Judge Breitel dissents and votes to modify in a separate opinion.
Order reversed, etc.